UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No.: 2:12-cv-00562-JES-DNF

BRIAN BISHOP,

    Plaintiff,

vs.

LIPMAN AND LIPMAN, INC., LFC
ENTERPRISES, INC., LFC
AGRICULTURAL SERVICES, INC.,
FARM OP, INC., LFC MANAGEMENT
SERVICES, INC., ROBERT KENT
SHOEMAKER, JR., LARRY LIPMAN,
TOBY PURSE, JAMIE WILLIAMS, MAX JAIME
WEISINGER, AND HERNAN PARRA,

    Defendants.
_____/

## **DEFENDANTS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO COUNT I OF PLAINTIFF'S COMPLAINT**

Defendants Lipman and Lipman, Inc., LFC Enterprises, Inc., LFC Agricultural Services, Inc., Farm Op., Inc., and LFC Management Services, Inc. (hereinafter "Defendants"), by and through the undersigned counsel, hereby file and serve their

Amended Answer and Affirmative Defenses to Count I of Plaintiff's Complaint[1] and respectfully state as follows:

## SUMMARY OF THE ALLEGATIONS

1. Defendants admit only that Plaintiff sent an email on February 2, 2012, to Toby Purse and Hernan Parra, and deny the remaining allegations set forth in Paragraph1.

2. Defendants deny the allegations set forth in Paragraph 2.

## PARTIES

3. Defendants admit only that Plaintiff was a former employee of Defendant LFC Management Services, Inc. and deny all remaining allegations set forth in Paragraph 3.

4. Defendants admit only that Kent Shoemaker's title is CEO and deny all remaining allegations set forth in Paragraph 4.

5. Defendants admit only that Larry Lipman previously served as CEO and deny all remaining allegations set forth in Paragraph 5.

6. Defendants admit only that Hernan Parra was previously employed as Human Resources Director and deny all remaining allegations set forth in Paragraph 6.

7. Defendants admit only that Jamie Williams is employed as a director of farming and deny the remaining allegations set forth in Paragraph 7.

---

[1] *All* of the named Defendants in this action (i.e., the five corporate entities and six individuals) filed a Motion to Dismiss Counts II, III, IV and V (See D.E. 18). The only Count not addressed in the Motion to Dismiss is Count I. The five corporate Defendants hereby file this Amended Answer, to the extent that Count I purports to apply to all of the corporate Defendants. Defendants submit that Plaintiff incorrectly identifies Lipman and Lipman, Inc., LFC Enterprises, Inc., LFC Agricultural Services, Inc., and Farm Op., Inc. as Defendants in Count I, as Plaintiff was employed solely by Defendant LFC Management Services, Inc. As such, Defendants respectfully request that Plaintiff dismiss Lipman and Lipman, Inc., LFC Enterprises, Inc., LFC Agricultural Services, Inc., and Farm Op., Inc. from the instant proceedings.

8. Defendants admit only that Toby Purse is employed as CFO/CAO and deny all remaining allegations set forth in Paragraph 8.

9. Defendants admit that Jaime Weisinger is a member of the board of directors and deny all remaining allegations set forth in Paragraph 9.

10. Defendants admit only that Lipman & Lipman, Inc., is a corporation conducting business in the state of Florida and maintains offices in Immokalee, Florida; Defendants deny the remaining allegations set forth in Paragraph 10.

11. Defendants admit only that LFC Enterprises, Inc., is a corporation conducting business in the state of Florida; Defendants deny the remaining allegations set forth in Paragraph 11.

12. Defendants admit only that LFC Agricultural Services, Inc., is a corporation conducting business in the state of Florida; Defendants deny the remaining allegations set forth in Paragraph 12.

13. Defendants admit only that Farm Op., Inc., is a corporation conducting business in the state of Florida; Defendants deny the remaining allegations set forth in Paragraph 13.

14. Defendants admit only that LFC Management Services, Inc., is a corporation conducting business in the state of Florida; Defendants deny the remaining allegations set forth in Paragraph 14.

15. Defendants deny the allegations set forth in Paragraph 15.

## JURISDICTION AND VENUE

16. Jurisdiction is a legal conclusion that requires neither an admission nor denial. Notwithstanding, Defendants admit that this Court has jurisdiction, but not for the reasons alleged by Plaintiff in paragraph 16.

17. Venue is a legal conclusion that requires neither an admission nor denial. Notwithstanding, Defendants admit that venue is proper, but not for the reasons alleged by Plaintiff in Paragraph 17.

## ALLEGATIONS OF FACT COMMON TO ALL COUNTS

### LIPMAN'S ALLEGED CORPORATE STRUCTURE

18. Defendants admit only that their operations include, in part, growing tomatoes and deny the remaining allegations set forth in Paragraph 18.

19. Defendants deny the allegations set forth in Paragraph 19.

20. Defendants admit only that Kent Shoemaker became CEO in or around August of 2010, and Defendants deny the remaining allegations set forth in Paragraph 20.

21. Defendants deny the allegations set forth in Paragraph 21.

### LIPMAN FARMING

22. Defendants deny the allegations set forth in Paragraph 22.

23. Defendants admit that some of their operations include growing harvesting, and packing tomatoes; Defendants deny the remaining allegations set forth in Paragraph 23.

24. Defendants deny, as stated, the allegations set forth in Paragraph 24.

25. Defendants admit that identification badges are issued to farm workers, which contain the individual's picture, employee identification numbers, and a bar code. Defendants deny the remaining allegations set forth in Paragraph 25.

26. Defendants deny, as stated, the allegations set forth in Paragraph 26.

27. Defendants deny, as stated, the allegations set forth in Paragraph 27.

28. Defendants deny, as stated, the allegations set forth in Paragraph 28.

29. Defendants deny, as stated, the allegations set forth in Paragraph 29.

30. Defendants deny, as stated, the allegations set forth in Paragraph 30.

31. Defendants deny the allegations set forth in Paragraph 31.

32. Defendants deny, as stated, the allegations set forth in Paragraph 32.

33. Defendants deny the allegations set forth in Paragraph 33.

ALLEGATIONS REGARDING BISHOP'S EMPLOYMENT WITH DEFENDANT

34. Defendants are without knowledge of the allegations set forth in Paragraph 34 and, as such, it denies them.

35. Defendants deny the allegations set forth in Paragraph 35.

36. As Plaintiff was an employee of LFC Management Services, Inc., Defendants deny, as stated, the allegations set forth in Paragraph 36.

37. Defendants admit that Plaintiff's starting salary in 1997 was $42,000 per year, and Defendants deny the remaining allegations set forth in Paragraph 37.

38. Defendants deny, as stated, the allegations set forth in Paragraph 38.

39. Defendants admit only that Plaintiff was assigned the title of CIO in 2004 and deny the remaining allegations set forth in Paragraph 39.

40. Defendants deny the allegations set forth in Paragraph 40.

41. Defendants deny the allegations set forth in Paragraph 41.

42. Defendants admit only that their information technology needs increased over time and deny the remaining allegations set forth in Paragraph 42.

43. Defendants deny, as stated, the allegations set forth in Paragraph 43.

44. Defendants deny the allegations set forth in Paragraph 44.

45. Defendants deny the allegations set forth in Paragraph 45.

### BISHOP'S ALLEGED OBJECTIONS TO LIPMAN PRACTICES

46. Defendants deny the allegations set forth in Paragraph 46.

47. Defendants deny the allegations set forth in Paragraph 47.

48. Defendants deny the allegations set forth in Paragraph 48.

49. Defendants deny the allegations set forth in Paragraph 49.

50. Defendants deny the allegations set forth in Paragraph 50.

51. Defendants deny without knowledge the allegations set forth in Paragraph 51.

52. Defendants deny without knowledge the allegations set forth in Paragraph 52.

53. Defendants deny the allegations set forth in Paragraph 53.

54. Defendants deny the allegations set forth in Paragraph 54.

55. Defendants deny the allegations set forth in Paragraph 55.

56. Defendants deny the allegations set forth in Paragraph 56.

57. Defendants deny the allegations set forth in Paragraph 57.

58. Defendants deny the allegations set forth in Paragraph 58.

59. Defendants deny the allegations set forth in Paragraph 59.

60. Defendants deny the allegations set forth in Paragraph 60.

61. Defendants deny without knowledge the allegations set forth in Paragraph 61.

62. Defendants deny without knowledge the allegations set forth in Paragraph 62.

63. Defendants deny the allegations set forth in Paragraph 63.

64. Defendants deny the allegations set forth in Paragraph 64.

65. Defendants deny the allegations set forth in Paragraph 65.

66. Defendants deny the allegations set forth in Paragraph 66.

67. Defendants admit that Plaintiff and Hernan Parra are not presently employed by Defendants.

68. Defendants deny the allegations set forth in Paragraph 68.

69. Defendants deny the allegations set forth in Paragraph 69, including its subparagraphs (a) and (b).

70. Defendants deny, as stated, the allegations set forth in Paragraph 70.

71. Defendants deny the allegations set forth in Paragraph 71.

72. Defendants deny the allegations set forth in Paragraph 72.

73. Defendants deny the allegations set forth in Paragraph 73.

74. Defendants deny the allegations set forth in Paragraph 74.

PLAINTIFF'S ALLEGED OBJECTIONS REGARDING DEFENDANT

75. Defendants admit only that Plaintiff sent an email on February 2, 2012, to Toby Purse and Hernan Parra, and they deny the remaining allegations set forth in Paragraph 75, including subparagraphs (a) through (e).

76. Defendants deny the allegations set forth in Paragraph 76.

77. Defendants deny the allegations set forth in Paragraph 77.

78. Defendants deny the allegations set forth in Paragraph 78.

79. Defendants deny without knowledge the allegations set forth in Paragraph 79.

80. Defendants deny the allegations set forth in Paragraph 80.

### ALLEGATIONS REGARDING PLAINTIFF'S TERMINATION

81. Defendants deny, as stated, the allegations set forth in Paragraph 81.

82. Defendants deny, as stated, the allegations set forth in Paragraph 82.

83. Defendants deny, as stated, the allegations set forth in Paragraph 83.

84. Defendants admit only that there is no relevant settlement agreement in effect with respect to Plaintiff, and they deny the remaining allegations set forth in Paragraph 84.

### ALLEGED RICO CONDUCT

85. Defendants deny the allegations set forth in Paragraph 85.

86. Defendants deny the allegations set forth in Paragraph 86.

87. Defendants deny the allegations set forth in Paragraph 87.

88. Defendants deny the allegations set forth in Paragraph 88.

89. Defendants deny the allegations set forth in Paragraph 89.

90. Defendants deny the allegations set forth in Paragraph 90.

91. Defendants deny the allegations set forth in Paragraph 91.

92. Defendants deny the allegations set forth in Paragraph 92.

93. Defendants deny the allegations set forth in Paragraph 93.

94. Defendants deny the allegations set forth in Paragraph 94.

95. Defendants deny the allegations set forth in Paragraph 95.

96. Defendants deny the allegations set forth in Paragraph 96.

97. Defendants deny the allegations set forth in Paragraph 97.

98. Defendants deny the allegations set forth in Paragraph 98.

99. Defendants deny the allegations set forth in Paragraph 99.

100. Defendants deny the allegations set forth in Paragraph 100.

101. Defendants deny the allegations set forth in Paragraph 101.

102. Defendants deny the allegations set forth in Paragraph 102.

103. Defendants deny the allegations set forth in Paragraph 103.

104. Defendants deny the allegations set forth in Paragraph 104.

105. Defendants deny the allegations set forth in Paragraph 105.

106. Defendants deny the allegations set forth in Paragraph 106.

107. Defendants deny the allegations set forth in Paragraph 107.

108. Defendants deny the allegations set forth in Paragraph 108.

109. Defendants deny the allegations set forth in Paragraph 109.

110. Defendants deny the allegations set forth in Paragraph 110.

111. Defendants deny the allegations set forth in Paragraph 111.

112. Defendants deny the allegations set forth in Paragraph 112.

113. Defendants deny the allegations set forth in Paragraph 113.

114. Defendants deny the allegations set forth in Paragraph 114.

115. Defendants deny the allegations set forth in Paragraph 115.

116. Defendants deny the allegations set forth in Paragraph 116.

117. Defendants deny the allegations set forth in Paragraph 117.

**COUNT I: ALLEGED VIOLATION OF FLORIDA WHISTLEBLOWER'S ACT**

118. Defendants restate and incorporate by reference its responses to Paragraphs 1 through 117 of the Complaint.

119. Defendants deny the allegations set forth in Paragraph 119.

120. Defendants deny the allegations set forth in Paragraph 120.

121. Defendants admit only that Plaintiff sent an email on February 2, 2012, to Toby Purse and Hernan Parra, and they deny the remaining allegations set forth in Paragraph 121.

122. Defendants deny the allegations set forth in Paragraph 122.

123. Defendants deny the allegations set forth in Paragraph 123.

124. Defendants deny the allegations set forth in Paragraph 124, including its subparts (a) through (h).

125. Defendants deny the allegations set forth in Paragraph 125.

126. Defendants deny the allegations set forth in Paragraph 126.

127. Defendants deny the allegations set forth in Paragraph 127.

**PLAINTIFF'S PRAYER FOR RELIEF**

In response to Plaintiff's Prayer for Relief and subparagraph (a) through (h), Defendants, respectfully: deny that Plaintiff is entitled to relief of any kind; request that the Complaint be dismissed in its entirety with prejudice, such that Plaintiff take nothing; request that Defendants be awarded all costs and attorneys' fees incurred in the defense of this action, and such further relief as the Court deems just and proper.

## Affirmative Defenses

Answering further, and by way of defense, Defendants state as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. The only Defendant named by Plaintiff in this action that was Plaintiff's employer under any theory of liability is LFC Management Services, Inc.

3. Some or all of Plaintiff's claim may be barred, in whole or in part, by the doctrines of laches, unclean hands, estoppel, and/or waiver.

4. Some or all of Plaintiff's claim may be barred, in whole or in part, by the applicable statute of limitations period.

5. Plaintiff's claim may be barred to the extent that discovery shows he engaged in misconduct prior to, during, or in connection with his employment, that otherwise would have resulted in his separation if such conduct were then known to Defendant(s).

6. Plaintiff's claim for damages may be barred, in whole or in part, to the extent that he failed to reasonably mitigate his damages.

7. Plaintiff's claim fails because he did not exercise any protected rights.

8. Any and all actions taken by Defendant(s) with respect to Plaintiff's employment or the terms and conditions thereof, if any, were based on legitimate and non-retaliatory business reasons.

9. Plaintiff's claim of retaliation, and/or claim for damages are barred because Defendant(s) exercised reasonable care to prevent and correct promptly any alleged retaliatory behavior, and/or the Plaintiff unreasonably failed to take advantage of the Defendant('s)(s') preventative or corrective opportunities to otherwise avoid harm.

10. Any and all adverse actions taken by Defendant(s) with respect to Plaintiffs, if any, were predicated on grounds other than Plaintiffs' alleged complaints and/or protests; and those adverse personnel actions would have been taken regardless of Plaintiffs' alleged complaints and/or protests.

11. Even if Plaintiff was able to prove that Defendant('s)(s') actions and decisions were motivated, in part, by unlawful retaliatory intent (and he cannot), Plaintiff's claims would fail because Defendant(s) would have taken the same actions and made the same decisions irrespective of its alleged unlawful intent.

DATED this 16th day of November, 2012.

Respectfully submitted,

**LITTLER MENDELSON, P.C.**
One Biscayne Tower, Suite 1500
Two South Biscayne Blvd.
Miami, FL 33131
Tel: (305) 400-7500
Fax: (305) 603-2552


By: */s/ Elaine W. Keyser*
Jonathan A. Beckerman
Florida Bar No. 568252
E-mail: sforman@littler.com
Elaine W. Keyser
Florida Bar No. 0013606
E-mail: ekeyser@littler.com

Counsel for DEFENDANT


**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 16th day of November, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify

that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Elaine W. Keyser*
Elaine W. Keyser

# SERVICE LIST

### Case No.: 2:12-cv-00562-JES-DNF

**COUNSEL FOR PLAINTIFF:**

Richard J. Swift, Esq.
Florida Bar No. 584861
Email: rswift@garlaw.com
Shaun M. Garry
Florida Bar No. 93412
Email: sgarry@garlaw.com
Garlick, Hilfiker & Swift, LLP
9115 Corsea del Fontana Way, Suite 100
Naples, FL 34109
Tel: 239.597.7088
Fax: 239.597.6984
 [Via Notice of Electronic Filing]


**COUNSEL FOR DEFENDANTS:**

Jonathan A. Beckerman, Esq.
Florida Bar No. 568252
Email: jabeckerman@littler.com
Elaine W. Keyser, Esq.
E-mail:  ekeyser@littler.com
Florida Bar No. 13606
Littler Mendelson, P.C.
One Biscayne Tower
2 South Biscayne Blvd., Ste. 1500
Miami, Florida  33131
Tel: (305) 400-7500
Fax: (305) 603-2552
[Via Notice of Electronic Filing]

Firmwide:116169967.1 069383.1003